UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GREGORY FERGUSON,

        Plaintiff,

v.   **DECISION AND ORDER**
       8-CV-493S

TIMOTHY McDANIEL, M.D., *et al.*,

        Defendants.

    1.    *Pro se* Plaintiff, Gregory Ferguson, brings this claim under 42 U.S.C. § 1983 against various Defendants, alleging that he was denied proper medical treatment while an inmate at Attica Correctional Facility ("Attica").[1] Presently before this Court is Defendant Timothy McDaniel's, M.D., Motion to Dismiss. (Docket No. 39.) For the following reasons, that motion is granted.

    2.    Ferguson initially filed an undated complaint in the Southern District of New York, naming only "John Doe" and "Jane Doe" defendants from Attica. (Docket No. 4.) Subsequently, United States District Judge, Kimba Wood, transferred this action to this Court. (Id.) On December 12, 2008, United States District Judge for the Western District of New York, Richard J. Arcara, ordered the New York State Attorney General to produce information regarding the identities of the "Does" named in the complaint. (Docket No. 5). The Attorney General complied with that Order by Declaration filed January 1, 2009. (Docket No. 6.) Thereafter, on March 31, 2009, Ferguson filed an Amended Complaint

---

[1] Cognizant of the distinct disadvantage that *pro se* litigants face, this Court has read Ferguson's submissions carefully and liberally, and has interpreted them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

specifically naming the parties identified by the Attorney General. (Docket No. 8.) At this time, for the first time, he also named two "John Doe" doctors from the Erie County Medical Center. (Id.) With leave from this Court, he later amended his complaint again on April 28, 2011, eliminating the remaining "Does" and naming Timothy McDaniel, a physician at ECMC, as a defendant. (Docket No. 36.)

3. In that complaint, Ferguson alleges that after suffering injuries by the hand of another inmate, Defendants waited too long – about one week – to perform necessary surgery to repair his injuries. (Amended Complaint, p. 2; Docket No. 36.)[2] McDaniel seeks dismissal of the claim against him on statute-of-limitations grounds.

4. There is no federal statute of limitations within which claims under § 1983 must be brought. Wilson v. Garcia, 471 U.S. 261, 266-267, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985), *superseded by statute on other grounds as recognized in* Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 377–81, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004). Thus, borrowing the most applicable state statute, a § 1983 claim arising in New York carries a three-year statute of limitations. Munsch v. Evans, No. 11-CV-2271, 2012 WL 528135, at *11 (E.D.N.Y.  Feb. 17, 2012); Cloverleaf Realty v. Town of Wawayanda, 572 F.3d 93, 94 (2d Cir. 2009). A § 1983 claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of his action." Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980). Here, the allegations supporting Ferguson's claim occurred in late April and early May of 2005. (Amended Complaint, p. 2.)

5. The Second Circuit has instructed that pleadings cannot circumvent statutes

---

[2] Although this complaint is docketed as an "Amended Complaint," it is actually the third amended complaint. It is not numbered and therefore the page numbers refer to the docketed page number.

of limitation by replacing John Does with named parties even if the original complaint was filed within the limitations period. See Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999). Here, Ferguson did not name McDaniel as a defendant until April of 2011, well past the expiration of the three-year statute of limitations. As the court in Tapia-Ortiz explained, "even when a suit is brought by [a] *pro se* litigant, an amended complaint adding new defendants cannot relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." Id. (internal quotation marks and modifications omitted). In fact, Ferguson did not specifically name any parties until March 31, 2009, nearly a year after the three-year limitations period had expired. His claim against McDaniel, who was named even later, is therefore time-barred.

6.   Further, even if Ferguson could relate his claim against McDaniel back to a valid claim against named parties, it would still be barred. Under New York's relation back doctrine, Ferguson must show, *inter alius*, that McDaniel was united in interest with the other parties and that he knew or should have known that this action would have been brought against him but for Ferguson's mistake. See Grace v. United States, 754 F. Supp. 2d 585, 603 (W.D.N.Y. 2010). Nothing in the amended complaint supports such a finding here. Indeed, the initial, and only timely-filed complaint was aimed solely at officials from Attica, who have no connection to ECMC or its physicians. See Quiroz v. Beitia, 68 A.D.3d 957, 893 N.Y.S.2d 70, 73 (2d Dep't 2009) ("Interests will be united only where one party is vicariously liable for the acts of the other.")

7.   Similarly, Ferguson's claims are barred under the federal relation-back rule, which requires that McDaniel receive notice of this lawsuit, "within the period provided by Rule 4(m) for serving the summons and complaint," which itself is "120 days after the

3

complaint is filed." Fed. R. Civ. P. 15(c)(1)(C); Fed. R. Civ. P. 4(m); see also <u>Aslanidis v. U.S. Lines, Inc.</u>, 7 F.3d 1067, 1076 (2d Cir. 1993) (observing that one of the requirements under Rule 15(c) is that the party to be added receive notice of the lawsuit within 120 days of the filing of the complaint). McDaniel did not receive notice of this lawsuit until 2011, well after 120 days after Ferguson filed his complaint in 2008. Accordingly, Ferguson's claims against McDaniel, named six years after his claim accrued, are time barred. McDaniel's motion to dismiss is therefore granted.

***

IT HEREBY IS ORDERED, that Dr. Timothy McDaniel's Motion to Dismiss (Docket No. 39) is GRANTED.

SO ORDERED.

Dated: February 25, 2012
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court